**PARAMOUNT TRANSPORT SYSTEMS,**
Plaintiff-Appellee,

v.

**CHAUFFEURS, TEAMSTERS & HELPERS LOCAL 150, et al.,**
Defendants-Appellants.

No. 74–2382.

United States Court of Appeals,
Ninth Circuit.

Jan. 27, 1976.

Rehearing and Rehearing En Banc
Denied March 10, 1976.

Certiorari Denied June 1, 1976.
See 96 S.Ct. 2230.

See also 9 Cir., 436 F.2d 1064.

Duane B. Beeson (argued), Brundage, Neyhart, Beeson, & Tayer, San Francisco, Cal., Norman Leonard (argued), Gladstein, Leonard, Patsey & Anderson, San Francisco, Cal., for defendants-appellants.

Nathaniel S. Colley (argued), Sacramento, Cal., for plaintiff-appellee.

OPINION

Before TRASK and SNEED, Circuit Judges, and EAST,* Senior District Judge.

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

EAST, Senior District Judge:

The defendants-appellants, Local 150, and the defendants-appellants, Local 17, (Unions) each appeal from a substantial several judgment entered in a National Labor Relations Act, 29 U.S.C. § 187, action for damages sustained by the plaintiff-appellee, above named, (Paramount), and resulting from the Unions' joint unfair labor practices as defined by 29 U.S.C. § 158(b)(4). We affirm.

At an early stage, the District Court granted a summary judgment in favor of Paramount on the issue of the Unions' liability for unlawful labor relations practices. This court, on the Unions' interlocutory appeal from the summary judgment, recited that the trial examiner in a prior § 158(b)(4) hearing had found that:

"Local 150 was not certified as the bargaining representative of a majority of employees of Paramount. Further, picketing and *other interference by Locals 17 and 150 had taken place.* [Italics supplied]. Finally, [the trial examiner] determined that the picketing was an unfair labor practice, *i. e.,* an unlawful secondary boycott. No exceptions to the trial examiner's decision was filed and it became final.

" . . .

"The district court was of the opinion that a determination of the trial examiner that an unfair labor practice has occurred is binding on the district court as a trier of facts. Based upon language in *United States v. Utah Construction & Mining Co.,* 384 U.S. 394 [86 S.Ct. 1545, 16 L.Ed.2d 642] . . . (1966), the district judge applied general principles of collateral estoppel."

This court then concluded that:

"We believe that the district court correctly applied *United States v. Utah Construction & Mining Co., supra,* to foreclose the union from litigating in this action those material issues of fact decided adversely to it in the proceedings culminating in an final order by the National Labor Relations Board." *Paramount Transport Sys. v. Chauffeurs, etc. Local 150,* 436 F.2d 1064 (9th Cir. 1971).

Thereafter a jury trial was held on the issue of Paramount's damages. The District Court received in evidence and submitted to the jury as conclusive on the issue of the Unions' liability the entire opinion of the trial examiner in the § 158(b)(4) proceedings, which included, *inter alia,* Finding of Fact E as follows:

"Due to the inability of [Paramount] to deliver [Campbell Soup's] canned goods from its factory to McDowell [warehouse] and to pick up its raw vegetables from National for delivery to its factory (and [Paramount's] inability to make other pickups and delivers of Campbell products or goods), on January 29, Campbell informed Hayashida [Paramount's owner] it could no longer use [Paramount's] services."

The Unions' some four variously phrased assertions of error on this appeal center around the District Court's utilization of Finding of Fact E in connection with the jury issue of the proximate cause of Paramount's damages. We state the sole meritorious issue on review as:

Did the District Court err in receiving into evidence and submitting to the jury Finding of Fact E on the issue of Paramount's alleged damages?

We conclude that the District Court did not so err.

■ We will not entertain a collateral attack upon Finding of Fact E as not being supported by relevant evidence as this court has held that "[n]o exceptions to the trial examiner's decision were filed and it became final."

The Unions insist that Finding of Fact E was not "findings upon material issues" before the trial examiner in the § 158(b)(4) unfair labor practice charges and, therefore, the Finding is not entitled to "collateral estoppel effect" under the language of *Paramount Transport Sys., supra,* at 1066, *viz:*

"But we do not construe *Utah Construction* to require that the doctrine of collateral estoppel be applied across the board to all determinations of such issues by administrative agencies. Reading *Utah Construction* with *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963), we conclude that collateral estoppel effect should be given only to those administrative determinations that have been made in a proceeding fully complying with the standards of procedural and substantive due process that attend a valid judgment by a court and further, that such effect should be accorded only to those findings upon material issues that are supported by substantial evidence on the administrative record as a whole."

We do not subscribe to such a narrow construction of the "collateral estoppel effect" of the specific Finding of Fact E involved in these proceedings.

We are convinced that the quoted caveat as to application of the doctrine to across the board determinations by administrative agencies places no restrictions or limitations upon the direct explicit holding in this case that the Unions are foreclosed "from litigating in this action those material issues of fact decided adversely to it in the proceedings culminating in a final order by the . . Board." *Paramount Transport Sys., supra* at 1065–66.

Furthermore, the Unions' argument that the effect or result of the unlawful strike activities or conduct by the Unions was not material to the issues involved in the § 158(b)(4) unfair labor practices charges is fallacious and untenable.

The trial examiner found and determined that the "picketing and other interference by Locals 17 and 150 . . was an unfair labor practice, *i. e.,* an unlawful secondary boycott," and, further, that as a part of the other interferences, the workers at the warehouses at the direction of the Unions refused to unload and load Campbell Soup shipments from or on Paramount trucks, which in turn caused Campbell Soup to discontinue Paramount's services, the very object and culmination of Unions' unfair labor practice to coerce and restrain Paramount's lawful trucking business.

■ We agree that a violation of the Labor Management Relations Act occurs only when wrongful purpose is combined with (1) threat, (2) coercion, or (3) restraint.

In this case, neither Union threatened to do anything. Each simply did that which was unlawful. They restrained the McDowell and National Ice employees from loading Campbell's goods as long as they were hauled by Paramount. Due to such successful restraint, Campbell terminated its relationship with Paramount. That is exactly what happened, and it is what the trial examiner found. Since actual restraint and not a mere threat was involved, the finding was not only on a material issue, but it was on a necessary issue.

We take it that Unions' main claim against the receipt of the trial examiner's decision and specifically Finding of Fact E in evidence and its submission to the jury is that the proximate cause of Paramount's damage is thereby conclusively established. We disagree. It is manifest that neither the trial examiner in his decision nor the Board in its order found as a fact or determined as of law that the Unions' unfair labor practices and Paramount's loss of Campbell Soup's business thereby were the proximate cause of Paramount's going broke and its resulting damage. The trial examiner and the Board found only that the Unions' illegal acts causing Campbell Soup to terminate its business with Paramount was an unfair labor practice of coercion and restraint.

The established fact of the cause of and the actual loss of Campbell Soup's business may well have played a major role; nevertheless the direct proximate cause of Paramount's going out of business and resulting damage had to be established by other independent evidence.

We have perused the jury instructions and are satisfied that the District Court instructed that Finding of Fact E was only conclusive as to the question of whether the Unions had practiced unlawful strike activities and the jury was fairly and fully instructed on the appropriate measure of damages to be considered in determining the amount of damages, if any, directly and proximately resulting from the unlawful labor practice. We note that the District Court did not instruct that the trial examiner's Finding of Fact E was conclusive on the issue of proximate cause, nor did the District Court place undue emphasis or weight upon that evidentiary item. The weight of Finding of Fact E upon the ultimate proximate cause of Paramount's damage was well and fully argued, pro and con, by counsel.

The several judgments entered on December 21, 1974 against Local 17 and Local 150, respectively, are each affirmed.

Affirmed.